T.C. Summary Opinion 2002-113


UNITED STATES TAX COURT


ADELL MAXIE, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1047-01S.                    Filed August 29, 2002.


Adell Maxie, Jr., pro se.

Lance Stodghill, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,044 and an addition to tax of $608.80 pursuant to section 6651(a)(1) in petitioner's Federal income tax for the taxable year 1997.

After a concession by respondent,[1] the remaining issues for decision are: (1) Whether petitioner failed to report a combined total of $9,363 of gross receipts on two separate Schedules C, Profit or Loss From Business; (2) whether petitioner is liable for self-employment tax on the $9,363 of unreported income; and (3) whether petitioner is entitled to Schedule C deductions in connection with the operation of his barber shop for travel expenses, meal and entertainment expenses, and business-related vehicle expenses of $782, $60, and $567, respectively.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Houston, Texas.

During the year at issue, petitioner owned a liquor store and a barber shop located at 5822 and 5824 Martin Luther King Boulevard, Houston, Texas, respectively. For the year at issue, petitioner reported the results of both businesses on separate Schedules C. On the liquor store Schedule C, petitioner reported gross receipts of $53,491. On the barber shop Schedule C,

---

[1] Respondent conceded that petitioner is not liable for an addition to tax pursuant to sec. 6651(a)(1).

petitioner reported gross receipts of $45,297.  For the year at issue, petitioner's reported combined gross receipts from both businesses totaled $98,788.  Using the bank deposits method, respondent determined petitioner's combined gross receipts to be $108,151.  Thus, respondent determined that petitioner failed to report $9,363 of gross receipts from petitioner's two Schedule C businesses.

On the barber shop Schedule C, petitioner claimed various business expense deductions that are at issue.  Petitioner deducted $2,072 of travel expenses on the barber shop Schedule C, of which respondent allowed only $1,290.  Thus, $782 of travel expenses remains at issue.  It has been stipulated that $689.17 of the travel expenses at issue related to expenses incurred with respect to a fraternity convention petitioner attended in Washington, D.C.  The record is void of any evidence to establish what the remaining $92.83 of the disputed travel expenses represents.

Petitioner claimed a business expense deduction on the barber shop Schedule C of $421 for meal and entertainment expenses.  Respondent allowed $361 of the total claimed deduction.  Thus, $60 of the claimed meal and entertainment expense deduction remains at issue.  It was stipulated that the $60 deduction relates to meals purchased while attending the fraternity convention.

- 4 -

Further, petitioner deducted $6,841 of vehicle expenses on the barber shop Schedule C but failed to substantiate $567 of the claimed amount.  Thus, $567 of vehicle expenses remains at issue.

In the notice of deficiency, respondent:  (1) Increased petitioner's gross receipts by $9,363 because respondent determined that petitioner had unreported income; (2) increased petitioner's self-employment tax to reflect the increase in gross receipts; (3) disallowed $782 of the travel expense deduction and $60 of the meal and entertainment expense deduction because petitioner failed to establish that the expenses were ordinary and necessary business expenses; and (4) disallowed $567 of the vehicle expense deduction because petitioner failed to substantiate entitlement to the deduction.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

1.  Schedule C--Gross Receipts

A taxpayer's gross income generally includes "all income from whatever source derived".  Sec. 61(a).  A taxpayer is

_____

[2]    Sec. 7491 does not apply in this case to place the burden of proof on respondent because petitioner neither alleged that sec. 7491 was applicable nor established that he fully complied with the substantiation requirements of sec. 7491(a)(2)(A).

required to maintain records sufficient to establish the amount of his or her income. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the absence of adequate books and records, the Commissioner may reconstruct a taxpayer's income by any reasonable method. See sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). The bank deposits method has long been recognized as a reasonable method to reconstruct income where the taxpayer's records are inaccurate or incomplete. See Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977). "Though not conclusive, bank deposits are prima facie evidence of income." Id.

In an attempt to explain the discrepancy between the gross receipts reported and his bank deposits for the year at issue, petitioner testified that he transferred funds from savings accounts and deposited funds received from loans that he previously had made. However, petitioner presented absolutely no evidence to corroborate his testimony. It is well settled that we are not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence. Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).

We find the testimony given by petitioner to be too vague and based too much upon conjecture to establish that the bank deposits totaling $9,363 relate to transfers and loans. No evidence in the record establishes that the deposits made into

petitioner's bank accounts were nontaxable.  Furthermore, we find
that the $9,363 constitutes unreported gross receipts derived
from petitioner's Schedule C businesses.  Accordingly, we hold
that petitioner failed to report $9,363 of gross receipts from
his Schedule C businesses.  Respondent is sustained on this
issue.

2.  Self-Employment Tax

Respondent determined that petitioner is liable for self-
employment tax on the $9,363 of unreported income.  Section 1401
imposes a tax on the self-employment income of individuals.

Self-employment income means the net earnings from self-
employment derived by an individual.  Sec. 1402(b).  In general,
net earnings from self-employment means the gross income derived
by an individual from any trade or business that he or she
carries on, reduced by allowable deductions attributable thereto.
Sec. 1402(a).  Petitioner bears the burden of showing that
respondent's determination is erroneous.  Rule 142(a); cf. Jones
v. Commissioner, T.C. Memo. 1994-230, affd. without published
opinion 68 F.3d 460 (4th Cir. 1995); O'Rourke v. Commissioner,
T.C. Memo. 1993-603, affd. without published opinion 60 F.3d 834
(9th Cir. 1995).

Above, we found that petitioner failed to report $9,363 of
gross receipts on his Schedules C.  The unreported income
increases petitioner's net earnings subject to self-employment

tax for the year at issue.  Petitioner presented no evidence establishing that the $9,363 of unreported income is not subject to self-employment tax.  Accordingly, we hold that petitioner is liable for self-employment tax on the unreported income. Respondent is sustained on this issue.

3.  Schedule C--Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer is required to maintain records sufficient to establish the amount of his or her deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, supra at 113. Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs. Pursuant to section 262(a), no deduction is allowed for personal,

living, or family expenses.

Generally, if a claimed business expense is deductible, but the taxpayer is unable to fully substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). However, section 274 supersedes the doctrine of Cohan v. Commissioner, supra, sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and requires strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4). Sec. 274(d). Listed property includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or other evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

A. Travel Expenses and Meal and Entertainment Expenses

On his barber shop Schedule C, petitioner claimed business

expense deductions for (1) travel expenses of $782, and (2) meal and entertainment expenses of $60.

In August 1997, petitioner traveled to Washington, D.C., to attend a college fraternity convention. Petitioner incurred expenses in relation to the convention of $689.17 for travel and $120 for meals. Pursuant to section 274(n), only 50 percent of meal and entertainment expenses is allowed as a deduction. Thus, of the $120 of expenses incurred by petitioner, only $60 was claimed as a deduction.

Petitioner testified that the expenses relating to the fraternity convention were ordinary and necessary business expenses because he solicited business while attending the convention and cut the hair of members of the fraternity. Further, petitioner testified to the many activities offered at the convention, none of which pertain to the barber shop business.

We believe the expenses incurred by petitioner relating to the fraternity convention are not "directly connected with or pertaining to" petitioner's barber shop Schedule C business. Sec. 1.162-1(a), Income Tax Regs. Moreover, we believe the convention-related expenses to be personal, and, therefore, not deductible under section 262(a). The fact that petitioner may have derived some incidental or indirect benefit to his business by attending the convention is not sufficient to satisfy the

requirements of section 162(a). See Henry v. Commissioner, 36 T.C. 879, 884 (1961).

Petitioner presented absolutely no evidence, either documentary or by testimony, to substantiate the additional $92.83 of expenses deducted as travel expenses. Petitioner is not entitled to a deduction for business expenses that are completely unsubstantiated. Ronnen v. Commissioner, 90 T.C. 74, 102 (1988).

Accordingly, petitioner is not entitled to business expense deductions on Schedule C of $782 for travel expenses and $60 for meal and entertainment expenses. Respondent is sustained on this issue.

B. Business Standard Mileage Rate Expense

The business standard mileage rate in lieu of operating and fixed costs allows the taxpayer to deduct an amount determined by multiplying the business standard mileage rate for the year at issue by the number of miles driven for business purposes. Rev. Proc. 96-63, 1996-2 C.B. 420. The business standard mileage rate for 1997 was 31.5 cents per mile. Id., 1996-2 C.B. at 422.

On the barber shop Schedule C, petitioner reported 21,719 miles driven for business purposes. Petitioner claimed a corresponding vehicle expense deduction of $6,841 for business miles, applying the standard mileage rate. In the Stipulation of Facts, respondent conceded that petitioner is entitled to 20,240

business miles for a business-related vehicle expense deduction of $6,274.[3]  Thus, petitioner must substantiate the difference of $567 to claim it as a deduction.  See sec. 274(d).

At trial, petitioner presented absolutely no evidence to substantiate the business mileage reported.  Petitioner testified that he did not have a mileage log.

As stated above, section 274(d) requires strict substantiation for deductions claimed for transportation in a passenger car.  Petitioner is required to provide adequate records or other corroborative evidence sufficient to establish the amount, time, place, and business purpose of the expense.  Sec. 274(d).  At trial, petitioner failed to provide any corroborating evidence whatsoever to satisfy the section 274(d) substantiation requirements.

Accordingly, petitioner is not entitled to a business expense deduction on the barber shop Schedule C greater than the $6,274 respondent allowed.  Respondent is sustained on this issue.

---

[3]    The deduction was determined using the 1997 standard mileage rate of 31.5 cents per mile.

Reviewed and adopted as the report of the Small Tax Case Division.

> Decision will be entered for respondent as to the deficiency and for petitioner as to the addition to tax.